**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK SALVADOR,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>L. N'DIAYE,<br><br>　　　　　　　Respondent. | Civil Action No. 22-653 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on Petitioner Patrick Salvador's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1), which seeks to challenge a prison disciplinary sanction. Following an order to answer, the Government filed a response to the petition (ECF No. 9), to which Petitioner replied. (ECF No. 10.) For the reasons expressed below, Petitioner's habeas petition is denied.

**I.　BACKGROUND**

Petitioner is a convicted federal prisoner currently imprisoned in Fort Dix. (ECF No. 1.) In his current habeas petition, he seeks to challenge disciplinary proceedings which resulted in his being fined and losing some of his accrued good conduct credits. (*Id.*) The disciplinary proceedings in question arise out of a search of the shared area of Petitioner's cell on March 13, 2020. (*See* ECF No. 9-2 at 31.) On that date, CO M. Krzewska conducted a random search of Petitioner's shared cell. (*Id.*) During a search of the area around the inmates' lockers, the officer

"discovered 1 Gray/Silver in color Samsung Smartphone with 1 SIM card" which "was hidden in a wall safe made in a seam connecting bricks next to Locker 4 Lower" which had been "hallowed out [of the seam and] masked with ULINE Tape color off-white." (*Id.*) A search of Locker 4 lower, which was assigned to Petitioner, produced a roll of tape which the officer believed to be the same kind of tape used to cover the seam. (*Id.*) Under Locker 4 lower, the officer also found "a magnetized, homemade, cellphone pouch that perfectly fit the cellphone found in the wall safe." (*Id.*) The officer thereafter charged Petitioner with the disciplinary infraction of possession of a dangerous item, specifically the cellphone, based on its location near his locker, the tape in the locker, and the magnetized pouch found under the locker. (*Id.*)

Later that day, Lt. K. Savage provided Petitioner with a copy of the incident report, and provided Petitioner with a statement of his rights related to the disciplinary proceedings to follow, and spoke with Petitioner, who denied that the phone was his as he had moved to the cell unit only a few weeks prior. (*Id.* at 31-32.) Petitioner also told the Lieutenant that he did not believe that the tape in his locker and that on the wall were the same. (*Id.*) Because of the severity of the infraction, the prison's disciplinary committee ultimately referred the matter to a disciplinary hearing officer (DHO) for a hearing prior to disposition. (*Id.*) Prior to the hearing, on March 16, 2020, Petitioner was advised of the upcoming hearing, provided a statement of his rights in relation to the hearing,[1] and given the opportunity to request a staff representative – which Petitioner declined – and to request witnesses for the hearing. (*Id.* at 35-36.) Petitioner did request one

---

[1] Specifically, Petitioner was advised of his rights to advance notice of the charges, the right to a representative, the right to call witnesses provided it did not interfere with institutional security, the right to make a statement or remain silent, the right to be present for the hearing, the right to be advised of the DHO's decision, including a statement of the reasons for the decision, and the right to appeal. (*See* ECF No. 9-2 at 36.)

2

witness - an inmate named R. Stevenson, who Petitioner stated would testify that he did not use phones. (*Id.* at 35.)

Petitioner's disciplinary hearing was held on April 22, 2020, before DHO L. Reynolds. (*Id.* at 28-30.) During the hearing, the DHO declined to call Petitioner's requested witness because the DHO viewed his testimony to be irrelevant because even if Stevenson believed Petitioner did not use phones, that did not in any way undermine his apparent possession of the phone in question. (*Id.* at 29.) The DHO reviewed Petitioner's statement that the phone did not belong to him, as well as the officer's report and the physical evidence including the tape from Petitioner's locker and the phone itself, and found him guilty of the charged offense because the phone was found in close proximity to his locker and he is considered to possess anything within his dominion and control including items in his cell. (*Id.*) The DHO also expressly found Petitioner's denials to be less than credible and believed he was falsely denying the charges. (*Id.*) Petitioner was therefore sanctioned with a 41 day loss of good conduct time credits, a loss of visitation privileges, and a five hundred dollar fine. (*Id.*)

Although Petitioner appealed that decision through the various levels of the BOP system, the sanctions and findings were upheld, although the appeal did result in the issuance of an amended hearing report by the DHO in February 2021 to correct a clerical error in the report. (*See Id.* at 21, 25-26.) The error in question related to a short summary provided by the DHO in the report. (*Id.*) After directly quoting and summarizing CO Krzewska's report, including sections related to how the phone was found in a wall seam covered with tape and tape was found in Petitioner's locker itself, the original report stated two paragraphs later that the smartphone was found "inside your assigned locker amongst your personal property" as reported by the searching officer. (*Id.* at 29.) The amended report instead more accurately reflects the DHO's summary of Krzewska's report and states that the phone was found in the wall seam and it was the tape which

3

was found in Petitioner's locker. (*Id.* at 25.) Because both the original and amended report contain identical summaries of Krzewska's report, both of which contain accurate information as to where the phone and tape were found, and because both reports make it clear that the DHO intended to find a violation based on Krzewska's report, it is clear that although the amended report does considerably change a single paragraph, it does not truly affect the underlying basis for the finding of guilt – in both reports the DHO is clearly finding Petitioner guilty based on Krzewska's report and the lack of any truly contrary evidence because Petitioner's denial of ownership and claim not to use phones do not change the location in which the phone and tape were found. (*See id.* at 25, 29.)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.    DISCUSSION

In his habeas petition, Petitioner contends that the DHO denied him Due Process by "misinterpreting" the officer's report and not providing him the opportunity to present a full defense, that the administrative appeal process was improper because the standard timeline was not strictly followed and an amended DHO report was ordered, and that he was in any event "innocent" of possessing the phone in question. Because federal prisoners have a statutorily created liberty interest in good time credits they receive during their imprisonment, prisoners do

4

have Due Process rights which may not be impugned during prison disciplinary hearings resulting in the loss of such credits. *Campbell v. Warden Allenwood USP*, 808 F. App'x 70, 72 (3d Cir. 2020) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). Those rights include at least twenty-four hours advance written notice of the charges, an opportunity to call witnesses and present documentary evidence, assistance from an inmate representative if the charges are complex or the petitioner illiterate, and a written decision explaining the evidence relied upon and the reasons for the disciplinary action. *Id.*; *See also Wolff*, 418 U.S. at 563-67. Technical errors, such as failure to meet procedures, will not provided a basis for habeas relief, and any alleged denial of Due Process will suffice to overturn a disciplinary proceeding unless those errors were, in fact, prejudicial. *See Millhouse v. Bledsoe*, 458 F. App'x 200, 203 (3d Cir. 2012) (citing *Wilson v. Ashcroft*, 350 F.3d 377, 380-81 (3d Cir. 2003); *see also Obiegu v. Werlinger*, 488 F. App'x 585, 586 (3d Cir. 2012). Where a prisoner's rights have been respected, a prison disciplinary finding will stand on habeas review so long as it is supported by "some evidence in the record." *Campbell*, 808 F. App'x at 72 (quoting *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985)). This standard "is minimal and 'does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence." *Id.* (quoting *Hill*, 472 U.S. at 455).

Here, Petitioner clearly received advance notice of the charges, was provided an opportunity to request witnesses and present any evidence he may have had, was provided the opportunity to request a representative that he declined, and was given a written decision setting forth the evidence relied upon to reach the ultimate decision in his case. Although the DHO did not ultimately call the requested witness, the witness was declined as his proposed testimony was irrelevant to the question at hand – whether Petitioner at least constructively possessed the prohibited phone, regardless of whether he was the sort of prisoner who would normally use cell phones. Petitioner was not prejudiced by the DHO's refusal to call that witness as the officer

5

correctly found the testimony not relevant. Although Petitioner argues that the appellate process did not properly follow the standard timelines and was otherwise technically faulty, he provides no clear prejudice from any such error. Likewise, although Petitioner argues that the DHO was not impartial because she chose to credit the officer's report (the substance of which Petitioner did not actually dispute as he only disclaimed ownership of the phone and not the tale of its discovery) and told him that prisoners often lie, the DHO's report indicates no bias, states that she considered Petitioner's statement and proposed witness testimony, and found adequate evidence of possession of the phone. Because the DHO was not involved in the actual search, or otherwise related to the incident in question, and because Petitioner has provided no clear evidence of bias in her handling of the incident, Plaintiff has not shown that he was denied Due Process by any alleged lack of impartiality on the part of the hearing officer. *See, e.g., Pittman v. Bledsoe*, 442 F. App'x 639, 642 (3d Cir. 2011) (impartial decisionmaker must not be a victim, witness, investigator, or involved individual, but allegations of bias against prisoners insufficient to support Due Process violation).

Petitioner also takes issue with the amendment of the report, which he contends altered the substance of the DHO's findings. Although the initial report erroneously stated that the DHO concluded that the phone was found in Petitioner's locker, it did so by expressly relying on the searching officer's report, quoted at length, and clearly stated that the officer reported the phone to have been found in the wall seam and the tape in the locker. The DHO's initial report thus clearly states that the officer was finding Petitioner guilty based on the officer's undisputed recounting of how and where the phone was found, and the amended report merely corrects the DHO's misstatement to accurately reflect that finding. As the reliance on the search report is clear, and it is clear the DHO intended to find guilt based on that report and the physical evidence including the tape and phone, Petitioner was not prejudiced by the amending of the report. Having

6

considered all of Petitioner's allegations of Due Process violations, this Court finds no prejudicial error sufficient to warrant relief.

Moreover, because Petitioner has failed to show a prejudicial Due Process error, and it appears his rights were therefore respected, this Court cannot interfere in the outcome of his disciplinary proceeding so long as there is "some evidence" to support the DHO's findings. Petitioner's main factual dispute with the DHO's findings is not that the phone was found in the seam, or that the seam safe exists, but rather that he claims that the phone was not his. This distinction, however, misses the point – Petitioner's guilt was based on the doctrine of constructive possession. As the Third Circuit has explained, where contraband is found in a shared cell area, that alone is sufficient to be "some evidence" that each member of the shared cell unit has possession of the item in question because each has a responsibility to keep shared cell areas free of contraband. *See Denny v. Schultz*, 708 F.3d 140, 145-47 (3d Cir. 2013). Regardless of whether Petitioner himself brought the phone into the cell, or placed it into the seam himself, he was responsible for keeping the area free of contraband, and that the phone was discovered in a shared area of his cell in exceedingly close proximity to his locker is more than sufficient evidence to support the DHO's finding of guilt. As there clearly was "some evidence" of Petitioner's guilt of possession of the prohibited cell phone based on the undisputed fact that the phone was found in a concealed area directly beside Petitioner's locker, the disciplinary infractions against him will stand, and Petitioner has failed to show an adequate basis for habeas relief. Therefore, Petitioner's habeas petition is denied.[2]

---

[2] Although this Court finds that Petitioner has failed to set forth a basis for habeas relief form his disciplinary charges insomuch as he has failed to show a prejudicial Due Process violation and there was sufficient evidence in the record to support the charges, this Court does recognize that Petitioner is certainly correct in feeling that his disciplinary proceedings were considerably less than ideal. The factual background of Petitioner's charges raises several questions which did not appear to but should have concerned the officers involved. Specifically, the Court notes that

7

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED.** An order consistent with this Opinion will be entered.

_____
Hon. Karen M. Williams,
United States District Judge

---

Petitioner had only recently been moved into the cell and could honestly have been unaware of the seam and hidden cellphone, Petitioner appears to have been the only one charged despite the shared cell area and the fact that others had access to the area of the seam, and it does not appear that the disciplinary officer sought to parse Petitioner's factual dispute regarding whether the tape in his locker matched that on the seam. Likewise, although the officer who found the phone reported finding a phone case attached to Petitioner's cell, no picture of it is in the record. Given the obvious errors and lack of attention to detail in the initial hearing report, and the hearing officer's apparent disinterest in Petitioner's side of the story, it is not surprising that Petitioner believed his proceedings improper. Although these issues may not be sufficient to warrant habeas relief, they do give the Court pause. The Bureau of Prisons should certainly endeavor to take more care in the conduct of such hearings in the future.